# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARTY BUSTER CHASE-ALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-66-SPM |
| ) | |
| JOSEPH TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's second motion for appointment of counsel. (ECF No. 10). The motion will be denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On July 14, 2020, the Court reviewed plaintiff's complaint pursuant to

28 U.S.C. § 1915(e); granted plaintiff's motion to proceed *in forma pauperis*; dismissed three of the four named defendants for failure to state a claim; and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendant Joseph Taylor in his individual capacity.  (ECF No. 11).   Additionally, the Court denied plaintiff's first motion for appointment of counsel because he "has demonstrated, at this point, that he can adequately present his claims to the Court" and "neither the factual nor the legal issues in this case appear to be unduly complex." (*Id.* at 11).   Thus, the Court will deny plaintiff's second motion for appoint of counsel, but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff=s motion for appointment of counsel is **DENIED** without prejudice.   (ECF No. 10).

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of July, 2020.

2