# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARTY BUSTER CHASE-ALONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-66-SPM |
| JOSEPH TAYLOR, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's third and fourth motions to appoint counsel (Doc. 37, Doc. 43) and Plaintiff's motion for an extension of time to respond to Defendant's motion for summary judgment (Doc. 44).

**A. Motions to Appoint Counsel**

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. The Court has previously denied two motions for appointment of counsel in this case, because it found that Plaintiff had demonstrated that he could adequately present his claims to the Court and because neither the factual nor the legal issues in this case appeared to be unduly complex. After review of Defendants' motion for summary judgment and Plaintiff's renewed motions for appointment of counsel, the Court's findings remain the same. Thus, the Court will deny plaintiff's third and fourth motions for appointment of counsel, but will entertain future motions for appointment of counsel as the case progresses.

### B.  Motion for Extension of Time

Plaintiff also requests that his deadline for responding to Defendant's motion for summary judgment be extended to a date after the Court's ruling on the motions for appointment of counsel. The Court will grant this request and will give Plaintiff an additional three weeks to file his response to Defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's third and fourth motions to appoint counsel (Doc. 37, Doc. 43) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to respond to Defendant's motion for summary judgment (Doc. 44) is **GRANTED**. Plaintiff's response to Defendant's Plaintiffs' Motion for Summary Judgment (Doc. 34) shall be filed no later than **Tuesday, February 9, 2021**. Any such response must be in accordance with Rule 4.01(E) of the Local Rules of the United States District Court for the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that Defendant's reply shall be due no later than fourteen (14) days following the filing of Plaintiff's response.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of January, 2021.